IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LOGISTICS AND GENERATION TECHNOLOGY, INC.; SHARON EGERSON; and DETROLIA GARRETT, | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 5:12-cv-63 (CAR) |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DONLEY, SECRETARY OF THE AIR FORCE; and STEVEN A. SHAW, AIR FORCE DEBARMENT OFFICIAL, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION FOR
## TEMPORARY RESTRAINING ORDER

Currently before the Court is the Motion for Temporary Restraining Order [Doc. 1] filed by Plaintiffs Logisitics and Generation Technology, Inc. ("LGT"), Sharon Egerson, and Detrolia Garrett. Plaintiffs seek to restrain Defendants from extending Plaintiffs' current suspension for an additional six months and have the Court restore Plaintiffs' rights to contract with agencies of the federal government. After review of the record currently before the Court, the Court finds a temporary restraining order should denied because Plaintiffs have failed to satisfy the requirements of Federal Rule

1

of Civil Procedure 65.  Thus, Plaintiffs' Motion seeking a temporary restraining order [Doc. 1] is **DENIED**. However, the Court construes the Motion as an additional request for a preliminary injunction.  As explained below, the Court will hold a hearing on the preliminary injunction request on Thursday, March 15, 2012, at 10:00 a.m.

In their Motion, Plaintiffs contend that Defendants have denied them due process of law by failing to provide the required notice and right to a hearing upon suspending them from contracting with the Government.  Moreover, Plaintiffs contend that Defendants violated the applicable Federal Acquisition Regulations in imposing the initial suspension and the recent six-month extension of the suspension.  Defendants imposed the initial suspension on January 14, 2011, and since that time, Plaintiffs have been, and continue to be, suspended from all contracting with the Government and its agencies.   A year later, on January 12, 2012, Plaintiffs received notice from Defendants that the suspension had been extended another six months.  Plaintiffs now seek to have the suspension lifted.

"One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo rather than granting most or all of the substantive relief requested[.]"  Fernandez-Rogue v. Smith, 671 F.2d 426, 429 (11th Cir. 1982).  The Court notes that rather than preserving the status quo, Plaintiffs seek to alter it by seeking to restore their rights to contract with agencies of the federal government.

Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's ability to grant a temporary restraining order.  It is clear from the text of Rule 65(b) that a court may not issue a temporary restraining order unless

(A) specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable injury, loss, or damage will result* to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any *efforts made to give the notice and the reasons supporting why it should not be required*.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Plaintiffs have failed to satisfy these requirements.  Nowhere in Plaintiffs' submissions to this Court do Plaintiffs certify in writing that any efforts made to give written or oral notice of their application for a temporary restraining order to Defendants or their attorneys.[1]  Moreover, Plaintiffs do not provide any reasons why such notice should not be required.  Additionally, the Court finds Plaintiffs have not satisfactorily proven that they will suffer *immediate and irreparable* harm if the temporary restraining order is not granted.  Although Plaintiffs have shown serious loss of revenue and assert they are on the brink of closure, they have not shown how the imposition of a temporary restraining order will repair that harm.  For instance, Plaintiffs have presented no evidence they have any pending and immediate government contracts that need to be fulfilled.

---

[1] The Court notes that a summons has been issued as to Defendants Michael B. Donley and Steven A. Shaw, but no proof of service has been filed.

3

Although Plaintiffs fail to satisfy the requirements for imposition of a temporary restraining order, the Court construes the Motion as an additional request by Plaintiffs to seek a preliminary injunction.  **Plaintiffs are hereby DIRECTED** to immediately notify all Defendants of the pending Motion for preliminary injunctive relief.  **All parties are hereby DIRECTED** to appear before this Court on **Thursday, March 15, 2012, at 10:00 a.m.** for a hearing on the request for preliminary injunctive relief.

SO ORDERED, this 24th day of February, 2012.

S/ C. Ashley Royal
C. Ashley Royal
United States District Judge

SSH

4